**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | **Jill Williams,** | **: Chapter 13** |
| | **Debtor** | **: Case No. 22-12514-pmm** |
| | | **:** |
| **Delaware County Tax Claim Bureau** | | **:** |
| | **Movant** | **:** |
| | **vs.** | **:** |
| **Jill Williams,** | | **:** |
| | **Respondent** | **:** |
| | **and** | **:** |
| **Kenneth E. West,** | | **:** |
| | **Trustee** | **:** |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE
AUTOMATIC STAY REGARDING
<u>204 MAIN STREET, DARBY, PENNSYLVANIA</u>**

It is hereby stipulated by and between Movant Delaware County Tax Claim Bureau and Jill Williams, Debtor, that the Motion for Relief filed by Movant regarding 204 Main Street, Darby, Delaware County, Pennsylvania bearing folio number 12-00-00393-00 is resolved as follows:

1.    The Automatic Stay provided by § 362 of the Bankruptcy Code shall remain applicable to 204 Main Street, Darby, Delaware County, Pennsylvania bearing folio number 12-00-00393-00 (hereinafter referred to as the "subject property") pursuant to the terms and conditions set forth herein.

**2.**    The parties agree that the total post-petition arrearage on the subject property consists of delinquent taxes for the tax years **2022 and 2023 in the amount of $6,046.20 as of April 2024.**  The cost for filing this Motion is $199.00 and the payment agreement fee is $15.00 per tax year.   The total now due for 2022-2023 is $6,275.20 as of April 2024.

    a.    This does not include the ongoing interest of nine percent (9%) that is added to delinquent real estate taxes per statute.

    b.    There is a fee of $15.00 assessed for each tax year that is in a payment agreement with Movant.

    **c.    This Stipulation does <u>not</u> include the 2024 taxes which must be paid directly to the taxing authorities.   Debtor will continue to pay the amount due for all taxes due in 2024 and all subsequent payments due and late charges shall be due in accordance with each taxing authority's schedule.   Failure to pay the 2024 taxes will be a breach of this Agreement**.

2

3.      All payments made pursuant to the Stipulation shall be by cashier's check, certified check or money order made payable to The Delaware County Tax Claim Bureau, 201 West Front Street, Government Center Building, Media, Pennsylvania 19063-2708.

4.      That if the Debtor provides sufficient proof (by copies of checks or money orders) of payments made but not already credited, the account will be adjusted accordingly. Debtor's payment to the Delaware County Tax Claim Bureau which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

5.      Movant shall file a Proof of Claim for the 2022-2023 taxes, plus the costs set forth above, with the Court.   The amount due, with interest, is $7,638.63 to be paid via a modified Chapter 13 Plan.

6.      The Debtor shall file an Amended Plan paying the Delaware County Tax Claim Bureau's Proof of Claim regarding the subject property, in full and with interest, within 14 days of Court approval of the Stipulation of Settlement.

7.      That Pennsylvania allows a tax claim bureau of a Second Class County to add nine percent (9%) interest on all delinquent real estate taxes turned over to the tax claim bureau for collection until the taxes, fees and costs are paid in full. The application of the interest charge is authorized by Section 306 of the Real Estate Tax Sale Law, Act 542 of 1947 as amended. Codified at 72 P.S. §5860.101, *et seq*.

8.      If Debtor fails to make any of the aforementioned payments or pay the real estate taxes due on the subject property in 2024 or any subsequent tax year then Movant shall send Debtor and Debtor's Counsel a written Notice of Default of the Stipulation.   If the default is not cured within fourteen (14) days from the date of the Notice, counsel may file a Certification of Default with the Court and the Court shall enter an Order granting *in rem* relief from the Automatic Stay under §362 (d)(4).

9.      In the event Debtor converts to a Chapter 7 during the pendency of this Bankruptcy case, Debtor shall cure all arrears within fourteen (14) days of the date of the conversion. Should Debtor fail to bring the Real Estate Taxes current, Movant shall send Debtor and Debtor's Counsel a written Notice of Default of the Stipulation.   If the default is not cured within fourteen (14) days from the date of notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting *in rem* relief from the Automatic Stay under § 362 (d)(4).

10.     Debtor agrees that if the Bankruptcy case is dismissed for any reason, the Movant shall be immediately granted *in rem* relief from the Automatic Stay pursuant to 11 U.S.C. §362 (d)(4).   Upon request of Movant, the Court shall enter an Order granting Movant *in rem* relief from the Automatic Stay pursuant to 11 U.S.C. §362.

11.   That in the event of Default of this Stipulation, it is specifically agreed that the Stay provided by Bankruptcy Rule 4001(a)(3) is expressly waived by the Debtor.   With the Stay provided by Bankruptcy Rule 4001(a)(3) being waived, the Movant may immediately enforce and implement this Order.

12.   The parties agree that a facsimile signature shall be considered an original signature.

Respectfully submitted,

Dated: 4/24/2024            BY: /s/ Stephen V. Bottiglieri
                                    Stephen V. Bottiglieri, Esquire
                                    Attorney for Movant

Dated: 4/23/24             BY: s/Lawrence S Rubin
                                    Lawrence S. Rubin, Esquire
                                    Attorney for Debtor

Dated: 4/23/24             BY: s/Jill Williams
                                    Jill Williams, Debtor

**WITHOUT PREJUDICE TO ANY RIGHTS AND REMEDIES OF THE CHAPTER 13 TRUSTEE**

Dated: 5/7/2024            BY: /s/ LeeAne O. Huggins
                                    Kenneth E. West, Chapter 13 Trustee

4